ESTATE OF EDWARD H. MURPHY, INCORPORATED, PLAINTIFF-APPELLEE, v. JOSEPH MARRONE, DEFENDANT-APPELLANT.

Submitted July 6, 1914—Decided November 16, 1914.

1. Where a foreign judgment had been assigned, and the assignee had obtained another judgment in renewal and assigned it, in an action brought in this state by the assignee to recover on the second judgment, it was not error to admit in evidence an exemplification under seal of the original judgment; it was proper to admit it in evidence to explain or introduce the second judgment and show the chain of title.

2. Where counsel claims that certain questions asked on cross-examination were prejudicial and for an ulterior purpose, it was his duty to request the trial judge to caution the jury to disregard the excluded questions.

3. A court of review will not reverse a judgment because of trial errors which are non-injurious.

On appeal from the Essex County Circuit Court.

For the plaintiff-appellee, *Teeple & Unger* and *William D. Tyndall.*

For the defendant-appellant, *John A. Bernhard.*

The opinion of the court was delivered by

WILLIAMS, J. This is an appeal from a judgment recovered by the estate of Edward H. Murphy, a corporation, against Joseph Marrone, in the Essex County Circuit Court, April 23d, 1914.

The following are the material facts: Edward H. Murphy brought an action against Joseph Marrone, in the city court of New York, in 1894, upon a promissory note. The judgment roll contains an affidavit that Marrone was personally served with process and that Murphy recovered a judgment against him February 20th, 1894, for $244.66, damages and costs. Murphy, having previously died, on June 20th, 1903, the executors of his estate assigned the judgment to "Estate of Edward H. Murphy," a New Jersey corporation. May 14th, 1906, said corporation assigned the judgment to James W. Hoey, who brought suit thereon in the city court of New York. That suit resulted in the recovery of another judgment against Marrone, June 19th, 1906, for $413.33, damages and costs. After the recovery of this second judgment, Hoey assigned that and also the original judgment to the "Estate of Edward H. Murphy," and that corporation, in 1912, commenced an action in attachment in the Essex County Circuit Court against Marrone to enforce the New York judgment against him, he being a non-resident. He appeared in the attachment suit and defended on the ground that he had no knowledge of the judgments in New York, and that no jurisdiction was ever acquired over him in the New York suits—that is, that he had never been served with process.

The plaintiff made proof by offering in evidence the certified and exemplified copy of the two New York judgments.

The defendant, as a witness, denied that he was served with process and that he owed the debt. In answer to this the deposition of Jacob B. Bab was read, from which it appeared that the defendant was served with a summons and complaint June 11th, 1906.

The question of service of process was left to the jury without exception by the defendant, and they found against him on this contention.

The appeal attacks the validity of the Circuit Court judgment.

The only errors urged by the appellant, in his brief, for a reversal of the judgment are:

*First.* The court erred in admitting in evidence the judgment recovered against the defendant in the city court of New York February 20th, 1894; and gives as his grounds of objection (*a*) that it is not set out in the complaint as a ground of action, and (*b*) that it was in no way material.

The first paragraph of the amended complaint, filed August 7th, 1913, is as follows:

"1. It sues for the amount of a judgment recovered by Edward H. Murphy against said defendant for $224.66, in the city court of New York on February 20th, 1894." The complaint then shows the chain of title by assignment to James W. Hoey May 14th, 1906, and upon this the trial judge made the following comment:

"The Court—This assignment is dated the 14th day of May, 1906, which was more than a month before the entry of the judgment of 1906. Therefore, of course, it did not assign the judgment of 1906, but did assign the judgment of 1894. As it does not assign the judgment of 1906, it becomes necessary for you to prove the judgment of 1894 and to show that the judgment of 1906 was founded on that. Otherwise, you have no title." The exemplification of the judgment of February 20th, 1894, was then offered in evidence and objected to by defendant on the ground that it was not material to the allegations in the amended complaint, not relevant to that particular issue, and for that reason not competent. The trial judge received it in evidence, remark-

ing: "It seems to be a necessary link in the plaintiff's chain of title."

An exemplification under seal is the proper way to prove a foreign judgment, and it was proper to receive this judgment if only to explain or introduce the second.

As to the contention of defendant that it was in no way material, if so, it was harmless. The defendant was not injured by it because the judgment record of the judgment entered in 1906, in renewal of this judgment of 1894, was sufficient to sustain the present action.

*Second.* The only other reason for reversal is thus stated in the brief of counsel:

The questions asked on cross-examination of the defendant were prejudicial and were for an ulterior purpose. The questions are as follows:

(1) "Q. Have you paid all other judgments against you?

(2) "Q. Are there any other judgments against you in New York?

(3) "Q. So, that the affidavits of service of the papers upon you in those two different suits are not true?

(4) "Q. Yet it is true, is it not, that you appeared in supplementary proceedings after an execution had been issued and returned unsatisfied?

(5) "Q. Did you appear immediately upon the service and return of the order requiring your attendance before a judge of the city court?

(6) "Q. Do you not remember that, as a matter of fact, by reason of your default, that you were brought up before the court for contempt?

(7) "Q. Were you not fined and punished for contempt for failing to obey the order based on this judgment in those supplementary proceedings?

(8) "Q. Now, did you do anything to remove that judgment from the record?

(9) "Q. Do you know whether or not the judgment was valid and good against you?"

Questions 1, 2, 6 and 7 were overruled at defendant's request. Question No. 5, which was admitted over objection,

was not answered, the defendant saying he did not remember, and question No. 9 was answered in the negative. The first question admitted was No. 3, which related to the truthfulness of the affidavit of service of summons in the New York suits. The defendant had claimed that he had not been served, and the question asked was plainly material and competent. The next question admitted was No. 4; this was competent, as it tended to show an implied admission on the part of the defendant of the validity of the New York judgment. The next question admitted was No. 8. The judgment referred to was the New York judgment. The question was pertinent, for the defendant's failure to do anything to vacate a judgment, which he claimed was void, tended to show that the claim made by him at the trial was untrue in fact.

The appellant claims that these questions were prejudicial to such an extent as to require a reversal. I do not agree to this. The defendant had denied that he had been served with a summons in either case, and he was simply cross-examined with reference to the service of the summons and complaint in these two cases, and with reference to other proceedings. This testimony was also a test of the truthfulness of defendant's statements.

The appellant objected to the remarks of counsel in arguing as to the admission of question No. 4, *supra,* and asked the court to direct a mistrial. The remarks of counsel were not legal error and the motion was properly denied. He also claims that the plaintiff violated the privileges of cross-examination for the purpose of putting the defendant in an unfavorable light before the jury with reference to the matters immaterial to the point at issue, but at no time did defendant exercise his privilege of requesting the trial judge to caution the jury to disregard the excluded questions.

No judgment will be reversed on the ground of misdirection, or the improper admission or exclusion of evidence, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of

668    COURT OF ERRORS AND APPEALS.

Amer. Malt. Co. v. Bd. Pub. Utility Com'rs.    *86 N. J. L.*

a party. *Practice act* 1912, *p.* 382, § 27; *Kargman* v. *Carlo,* 85 *N. J. L.* 632.

We find no such error.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.    15.

*For reversal*—None.